OPINION of the Cou %by
Ch. J. Edwards
— The appellant exhibited his bill, in the Franklin quarter session court, alleging that Henry Gullian, and Edmund Vaughn, whom he made defendants to his bill, represented to him that the said Vaughn was the owner of one half of an inlot in the town of Frankfort, which the said Gullian offered to sell to him, and that he did buy the same under a full persuasion and belief that Vaughn was the proprietor of said lot, and that it did contain the quantity of one half of a full lot, for which he gave Gullian one horse at two hundred dollars, and executed his bond to Vaughn for three hundred dollars ; that though the sale to him was in fact made by Gullian, yet that Vaughn was present, and heard Gullian represent the ground as containing the above quantity, without denying or objecting to that representation ; that Vaughn was the real seller of the lot, and Gullian the mere go-between, and consequently that Vaughn must foe bound by Gullian’s representations ; he further alleges, that Vaughn was to make a deed with general warranty for the lot ; that the lot did not contain the quantity of half of an inlot, but was only a fourth, and that even for this quantity he had not been able to obtain a title, though he had often demanded it. The answers respond to, and deny all the material allegations in the bill.
Vaughn particularly denies, that he made any contract with the appellant relative to the lot, or that he made any representations to him concerning the quantity of ground it contained, or that he heard Gullian make any, or that he was present when the contract took place between Gullian and the appellant ; he alleges that he sold the lot to Gullian, as containing only forty-nine feet front, and ninety-nine back ; that he made use of no artifice to deceive either the appellant or Gullion ; that he was not bound to Gullian for the tide, but that by express agreement, Gullian was to receive the conveyance *236 from Reuben Samuel, of whom Vaughn bought it; and that Samuel had tendered a deed, and was still willing to make one, having in himself the legal right. He also alleges, that Gullian was to pay him bonds, and that he took the appellant’s bond without knowing till some time thereafter, on what consideration it was agreed between the appellant and Gullian, his co-defendant, to be given.
There is not even the positive testimony of a single witness opposed to the answer. Lafon states that to the best of his recollection, he was present when a bargain was made between the present appellant and ap-pellee, for a certain house and lot, in the town of Frank-, fort, and that from some cause he has been possessed with an idea, there was half a lot belonging to said house, but does not recollect that it was from any conversation that he heard between the parties ; this witness’s recollection is too uncertain to be relied on j from him it would appear, that the bargain about the lot was made solely by the appellant and appellee, which is sufficiently contradicted by the admission in the bill, and the general tenor of the testimony in the cause ; but if he were correct in this, he proves nothing like fraud or misrepresentation.
James Roberts speaks very doubtfully of a conversation between Gullian and some other person, and thinks Vaughn was present; in which conversation, Gullian observed, that he was about to sell the lot as it then stood under fence, and that he, the said Roberts, mentioned that there did not more than one quarter of, a lot belong to the house at first. Who the person was with whom Gullian was conversing, is not stated, and it cannot be presumed to be the appellant, for the. witness’s observations would very probably have put him on hi.-. 5aard, and have prevented any imposition being practised on him. These are the only witnesses relied upon to discredit Vaughn’s answer ; and surely it cannot be contended they are sufficient, when it is every day’s practice, to require two positive witnesses to disprove an answer in chancery, or one positive witness, and strong corroborating circumstances ; here there is no positive witness at all, nor any strong circumstances, unless arbitrarily inferred ; the proofs in the cause furnish no grounds for such inferences, whatever the truth may be.
*237 That Gullian practised a fraud on the appellant, seems to be most abundantly proven ; but Vaughn not having been proven to have participated in it, he cannot be affected by it, according to the prisiciples decided in the cases of Davis vs. Peyton, (a) Morrison vs. Clay, &c. (b) and Copeland vs. Fugate; (c) wherefore, the infe-i-ior court decided correctly in dissolving the injunction~ ~nd dismissing the bill, &c.-~----Decree affirmed,

 Har.4278

 Har. 438

 Ante 178